Rueetn, Judge
 

 It has been contended, on behalf of the plaintiff, that
 
 Davidson is liable for the
 
 insolvency
 
 of
 
 Simonton; because this, being a limited partnership, was dissolved on the completion of the trip ; and after dissolution, each partner has a lien on the effects for his share, and each is, to as the funds in his hands, a trustee for the others for their shares, made several by the dissolution,
 

 This proposition must be qualified at least thus far: that the expiration of the term leaves the copartnership in existence for the purpose-of closing its concerns. And if, by the terms of the agreement and course of the business, it is plain that one of the pax-tners was to close it, was to be the acting and managing partner, a deposit of the effects of the firm with that partner, by another is justifiable.. Such a deposit is taken as made for the purposes of the business, that is, to collect the effects into one fund, in the proper hand for adjusting the accounts, ascertaining the profits, and making actual division. That, in such a case, is to be taken as the intent, until bad faith is made to appeal*. It is to be so taken, because it was so agreed. This repels the-idea, that the.
 
 *85
 
 payment to the acting partner of the money, in which another partner liad a share, was to defeat this latter one, and so in breach of trust. A partner, thus holding property, after the dissolution, may be a trustee for each of the others severally. But he is only liable as other trustees. He is not bound to pay to each one personally his share of that money, if, by the agreement, the whole was to be paid to a particular partner for division. For then the payment to the partner, who is the general receiver, is according to and in execution of the trust.
 

 In the case before the court, it is plain that this last was the nature of the agreement or understanding of the parties. The
 
 whole
 
 business had been conducted in the name of
 
 Simonton alone.
 
 The plaintiff accompanied him to Natchez to make sales. Yet the sales were made by
 
 Simonton;
 
 he received all the money, altho’ the plaintiff was present, and did not even then return his capital; the bonds for the price of the negroes sold on credit were made payable to Simonton. He was looked to and trusted by all
 
 parties;
 
 and more particularly by the plaintiff, who alone went with him in person on the trip. The next year
 
 Davidson
 
 received the bonds from
 
 Simonton,
 
 and went out to Natchez to collect them. He did collect jg 4967 thereon, and on his return paid to
 
 Simonton,
 
 the sum of 55 3463 and retained § 1504. The clerk lias charged him with this last sum ; and the plaintiff excepts, because he has not charged
 
 Davidson
 
 with the, whole sum of ¡84967". If the payment had been wrongful ; if it had been against the agreement; if it had not been according to the agreement, the exception might be well founded. But under the understanding existing in this case, which wo are obliged to see from the circumstances, the payment to
 
 Simonton
 
 was a proper one. And therefore this exception is overruled.
 

 It is said, however, that the denial of the plaintiff’s right, and of the partnership by
 
 Worke
 
 and Davidson, unmounted to a combination to defeat theplaintiffby placing the funds in
 
 Simonton’$
 
 hands, out of his reach ; and so amounted to a convei'sion
 
 ;
 
 and that renders each liable for the other-
 

 
 *86
 
 if several partners conspire to defraud, their co-partner out of his fits18°and6 act" with a view to effect that pur-that each is lia-lance^due^udi co-partner, on an theUpartnership accounts.
 

 If the purpose of paying the money into
 
 Simonton’s
 
 hands ; or if the jmrpose of denying the plaintiff’s right in the answer, was that the money might be there, with a yjew of defeating the plaintiff of rights clearly known to those defendants, a case of flagrant fraud andperjury ]je made out, which would induce the court, as 7 7 far as possible, to reinstate the plaintiff out of the effects 0^' defendants. But it does not appear,that
 
 Works
 
 and
 
 Bavidson
 
 did .know the terms on which
 
 Simonton
 
 had a^^tted the plaintiff. And if they had, it does not appear, that the payment to
 
 Simonton
 
 was designed to de-^he pla-intiff^ or that he objected to such payment, On-the contrary,
 
 Simonton’s
 
 hands were those which the plaiiitifF wished to hold the
 
 money.
 
 He had no confidence in the others — he had in
 
 Simonton,
 
 and looked to him for what he was entitled to. The bill is filed upon the foundation that
 
 Simonton
 
 had, and rightfully had the money. The others are not made parties for the sake of relief against them
 
 ;
 
 but because they were necessary parties, against whom the partnership was to be established, and between whom the division of profits was to be made. The liability of
 
 fVorke
 
 and
 
 Bavidson
 
 for
 
 Si-monton
 
 is an after thought, inconsistent with the scheme on which the bill is framed, and inconsistent with the • true agreement between the plaintiff and
 
 Simonton.
 
 Thai those defendants miist have been aware of an interest of some sort in the plaintiff — of a kind of partnership— cannot be doubted. But both sides trusted to
 
 Simonton to
 
 determine the particulars, and as the link of their union. And whatever might be the extent of the respective interests, the general fund was to be in
 
 Simonton’s
 
 custody. The court therefore sees nothing in this part of the cast-more than in the other, to make either of thus© persons liable for more than remains in his hands. And there fore the second exception of the plaintiff is overruled.
 

 But that each of these defendants is respectively liable
 
 for
 
 what he has in his hands, seems equally clear. When a partnership is closed by stating a final account, ascertaining • the amount of the general .fund, and of the shares of each partner, each hath a right then in
 
 *87
 
 receive that share. If one gets in from the holder his share, as his share, and another delays to take his, but leaves it in deposit, it must be taken that he leaves it as his own, and not the property of the whole. Each partner is necessarily a parly to such an adjustment in fact, as wejl as interest, and must know the state of his property. He leaves it at his risk; and if the general* receiver fail, the loss is that of the individual who trusted • him. But until the concern be closed by taking a final account, there is no power in any number of the partners, to the prejudice of another, to declare cither the " sum, or the shares of profits. And any effects of; the. concern received by one, remain, in respect to the rights of the excluded partner, joint property. Upon a loss of the residue, he has a right to resort to any one for his proportion of the effects in his hands. The injured partner has never consented to his receiving them as his. own ; and is therefore not bound by the division. It is* true,he who has thus gota part, may point out to thoother how he may get Ms share — where the fund for ins satisfaction may be found — and so far as that will go, he shall take it, and not disturb what has been- done. But the arrangement is no further obligatory. For example:
 
 Falls
 
 has here $761 .90, said to be of the partnership effects. If that turn out so, that will do to satisfy
 
 Mli-
 
 . . i. , ni i , , „
 
 son -pro tanto,
 
 and he- shall look to it, ir it can be got. B ut if it cannot he got, the loss must fall on all three of these partners,
 
 Mlison, Worke
 
 and
 
 Davidson
 
 equally ; and the two last must make a common stock, for the three, of' the monies in their hands, because, as to the plaintiff, it remains joint stock ; though as between themselves and as between them and
 
 Simonton,
 
 it is several. Wherefore the exception as to the liability of
 
 Works’s
 
 executors is allowed, because it is reported, that the executors of
 
 Worke
 
 have received his capital, viz: $4,420 92, and full share of the profits, viz: $2376
 
 27k,
 
 and yet tile
 
 L
 
 * clerk hath not charged him with the latter sum,, or any part thereof. As to the plaintiff, that remains a joint hind, tor the payment of profits.
 

 A partner, who lias ■1'?fflved fits, must first nersSp^effecte existing in spe-cic before ho can compel con-. Mbution from a partner who'has received, his sliare-
 

 Where offour afed^nsolvent, largely indebted Ihipfandtwoo-thers without the fourth"* re-<yived their shares from his executor, the sum ?° received tween the survi ¡ vors, joint stock,
 

 The question yet remains, with what sum is the defen•dant
 
 Davidlson
 
 to charged, ? The clerk, states an account,
 
 *88
 
 in which lie ís charged with the sum of § 2934 85, which he collected of the funds in Mississippi, and gives him credit for the sum of
 
 $
 
 2376 27$ for his profits ; leaving a balance in his hands of $558 571. To an item of $1430 85 of those debits this defendant excepts; and the exception is allowed, because the evidence is, that
 
 Simonton
 
 received that sum, and not
 
 Davidson.
 
 This reduces the sum chargeable to
 
 Davidson,
 
 to $1504, which he retained as before mentioned. That sum this defendant claims, and the clerk submits the propriety of the claim, as for his own profits. This claim the court has already discussed, and disallows upon the principle on which the exception relating to the liability of
 
 Wovkc’s
 
 executors was allowed.
 

 Where an act-
 
 iüg
 
 partner dies apSpoIntedoaneo^-to exe c“pal-tncrjS retains liis pro-from8 the tor, he is bound to account with ates for the sum regained.
 

 the only sum which the plaintiff has a right to consider as joint property in his hands ? This brings me consider the first exception. That relates to this state of facts:
 
 Davidson
 
 is one of the executors of
 
 Simon-ton,
 
 and by arbitration between him and his co-execu~ t°rs> their accounts were settled after the death of the testator. Upon that occasion,
 
 Davidson
 
 gave
 
 Simonton
 
 cl-etjjt for the sum of $1504, and charged him with the sum of g 3250, as “his iourth part oí profits on sale oí* negroes the last trip to Natchez,” and a balance was awarded to
 
 Davidson,
 
 which he has retained. This was an excess of $ 873 72$ above his actual profit. It has been contended for, first, that this excess alone is open to
 
 Mlison,
 
 because lie received the other as Ms own profit. That has been already answered. Next, that no part of it is accessible to
 
 Mlison,
 
 because there are judgments against
 
 Simonton’s
 
 executors for a very heavy amount, on specialties, not satisfied, and that
 
 Davidson
 
 will be bonnd to answer for this sum as assets, to those creditors. If such were the facts, the court would not take them now : for if the act, by which he attempted to appropriate that sum to his ownsatisfaction,did not effectually appropriate it, it must he left for the benefit of those, whose legal priorities would overreach both these parties. But such is not the case. In taking all the judgments
 
 this retainer has been
 
 «Wowed,and the judgments (rendered since
 
 *89
 
 the receipt of the assets, and the appropriation of this portion of them) are all
 
 quando;
 
 as appears from the report of
 
 Simonton’s
 
 estate, which the defendant does not except to. Those judgments never can reach this money.
 
 (Mara v. Quin.
 
 6.
 
 T. R.
 
 1.) The case is then this : that this defendant has retained the money upon a ground, which as between him and the plaintiff, is for their joint benefit, and it can never be taken from him by any body having a better right. Can he be permitted to keep off the plaintiff by allegation, that he ought not to have retained at all. The very proposition pronounces its own answer. For these reasons, the plaintiff’s first exception is allowed.
 

 . Where an act-i^idtpayableto himself f°r parf- and dies, in e-g.uity these partnership effects-
 

 The defendant
 
 Falls
 
 excepts to the clerk’s report, charging him with having the -sum of g>76l 90 of the partnership effects in his hands. This sum was received by him since the death of
 
 Simonton,
 
 as the balance due on bonds taken on the sale of negroes. That fact is clear. The bonds were payable to
 
 Simonton,
 
 who transacted the business ; which enabled
 
 Falls
 
 to collect them. But they are not the assets of
 
 Simonton.
 
 They are, in this court, the effects of the copartnership, and belong to the surviving partners. If the partnership property cannot be traced, it necessarily falls into the general funds of the possessor, as mon$y. But if it remain in specie or securities, it is joint property and survives. Wherefore the exception of
 
 Falls
 
 is overruled.
 

 The effect of these several judgments is, that
 
 Falk
 
 must pay into this court for the use of the plaintiff the said sum of S 761 90, with interest thereon from this day, unless the whole be paid to the clerk or the plaintiff within thirty days, and in default of such payment within that time, that execution issue therefor with interest as aforesaid. As it does not appear, that
 
 Falls
 
 is insolvent, that sum must be taken, for the present, as available to the plaintiff, and therefore the i’csidueofthe plaintiff’s stock, namely, gl80,- with interest thereon from the 1st day of June 1818, to the 1st day of September 1831, viz: jS 145 80 making together the sum of
 
 *90
 
 $ 325 80 must be first satisfied thereout, which will leave abalance thereof of $>466 10 applicable towards the plaintiff's profits. The sum then due to the plaintiff as principal money, by way of profits, will be $ 1910
 
 17h
 
 which with the profit of $>2376 27a belonging to the defendant
 
 Davidson,
 
 makes an aggregate of $4286 45
 
 ;
 
 towards which the said sum of
 
 $3250,
 
 received and retained by
 
 Davidson,
 
 is applicable to the respective profits belonging to each — namely, to
 
 Davidson
 
 the sum of
 
 $
 
 1858 05, and to
 
 Allison
 
 the sum of $ 1391 95 with interest on the sum of $ 927 95 (part thereof) from the 1st day of June 1818, and $418 (the residue thereof) from the 1st day of June 1819, until paid: and it is decreed that execution may forthwith be sued therefor.
 

 This sum is thus ordered to be presently raised from the defendant
 
 Davidson,
 
 as that which the plaintiff will be entitled to receive from him, upon the supposal, that
 
 Eobert Worke’s
 
 estate is insolvent. Equity' will adjust the loss equally between the three; but at present' the estate of
 
 Worke
 
 is reported insolvent, and the counsel have not thought proper to dispose of the report upon that part of the case. Should it turn out to be otherwise* that estate will hereafter be compelled to pay its proportion of the plaintiff’s demand, and
 
 Davidson
 
 will then stand in the plaintiff’s shoes, for such sum as he hereby is made to advance, which
 
 fVorke’s
 
 estate ought in the' first place, if able, to do.
 

 All the said matters are ordered and decreed accordingly ; and the other matters excepted to, and all the other questions appearing upon the report and pleadings are reserved for the further decision of the court.
 

 Pee. Cueiam — Decebe accoediNgx.v.