Pearson, J.
 

 The husband is not entitled absolutely to a legacy given to his wife. It becomes his, if he reduces it into possession, or he may dispose of it, if it be such an interest as he can presently reduce into posession. But if he dies without doing so, the wife is entitled to it. Out of respect to this right of the wife, a Court of equity will not compel the husband to apply the legacy to the payment of his debts ; and, if he remains inactive, the chance of the wife to get the legacy at his death is preserved. But if he puts an end to the right of the wife by disposing of the legacy, and she is out of the way, there is then no reason why the Court may not interfere, and see that the fund is applied to the payment of his debts.
 

 In
 
 Allen
 
 v.
 
 Allen,
 
 decided at this term, it is held, that creditors of the husband may subject a distributive share of the wife, after an assignment of it by the husband, although the assignment was made for her benefit; because by the assignment she ceased to have any original right of her own, and was put in the condition of a donee of the husband, and so could not stand out against existing creditors.
 

 In this case the executors, who have the fund in hand, are, as executors, creditors of the husband ; and when the plaintiff, who is the assignee with notice, and who paid nothing, (for his debts were lost any how, as Hooks was insolvent,) and who stands in the shoes of his debtor,
 
 *484
 
 sets up his claim to the fund, there is no reason, as the wife’s right is at an end, why they may not insist, that the fund should be first applied to the payment of their debt; for, in truth, it is only the balance that Hooks is entitled to. This is a plain principle of set off; which is acted upon in Courts of law. We lay no stress upon the fact that the legacy was to be paid in notes.
 

 As to the excess, after paying off the notes, there is another principle involved. The plaintiff and the testator were co sureties. Between them “equality is equity.” If one surety, by any means, gets a fund belonging to the principal, he is not at liberty to take the entire benefit, but must share with his co surety. The fund in fact belongs to the principal and should be applied, as a payment
 
 made by him,
 
 and this reduces the amount, which' will fall upon the sureties. The excess must then be considered as a payment made by Hooks, and the plaintiff, having paid one half of the original debt, has paid more than his share by an amount equal to one half of the excess and is entitled to contribution as against the executors of his co-surety. In other words, the plaintiff has a right to share the benefit of this excess and to recover one. half of it, by way of reimbursing himself for having paid one half of the original debt, instead of one half,
 
 minus
 
 the excess, which is a fund of the principal debtor. These principles are well settled and are so consonant with natural justice that no authority need be cited.
 

 There must be a reference to take an account of the estate.and ascertain the amount of the excess coming to Hooks, after deducting the amount of the two notes. Costs are not allowed to either side. And the costs of the reference, will be paid out of the estate, as the plaintiff and defendants, who are residuary legatees, all have an interest in the account.
 

 Per Curiam.
 

 Decreed accordingly.