There can be no doubt that the plaintiff is entitled to relief against the defendant Cherry; but we think it is equally clear that the defendant Tayloe is entitled to share in the relief. The plaintiff's intestate and the defendants being partners in the purchase and sale of a lot of timber, mentioned in the pleadings, whatever part of the partnership funds came to the hands of either of the members, before a final settlement of the concern, belonged equally to all. This is so obvious a principle of the law of partnership that it scarcely needs the aid of an adjudicated case for its recognition, but if it did, that of Allison v. Davidson, 17 N.C. 79, is one directly in point. It was there held, among other things, that where of four partners, one died insolvent, largely indebted to the partnership, and two others, without the consent of the fourth, received their shares from the executor of the deceased, the sums so received remained, as between the survivors, joint stock. So, in the present case, Cherry being insolvent, largely indebted to the partnership, the sum received from him by the plaintiff's intestate is, as between her and the defendant Tayloe, joint stock, to which they are *Page 206 
equally entitled. An analogous principle prevails among co-sureties, (263) so that when one of them, by any means, gets a fund belonging to the principal, he is not at liberty to appropriate it to his own exclusive benefit, but must share it with his co-surety. This has been decided in may cases, among which are Barnes v. Pearson, 41 N.C. 482, and Leary v. Cheshire, 56 N.C. 170.